# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MICHAEL ANTHONY TUTT,  )
                                )
    Plaintiff,           )
                                )
v.                               )          CV418-183
                                )
Coastal State Prison, Memorial Health, )
                                )
    Defendants.         )

FILED
Scott L. Poff, Clerk
United States District Court

By jburrell at 10:24 am, Jan 15, 2019

## **ORDER**

Proceeding *pro se* and *in forma pauperis*, Michael Anthony Tutt brings this 42 U.S.C. § 1983 action against Coastal State Prison (CSP) and Memorial Health for failing to properly classify him due to his medical needs. The Court granted plaintiff's request to pursue his case *in forma pauperis* (IFP), doc. 4, and he returned the necessary forms. Docs. 5 & 6. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim against a governmental entity or official.

Tutt alleges that the Superior Court directed his reclassification and transfer to a "transitional center." Doc. 1 at 5. CSP staff "disregarded"

those orders, and Tutt ended up losing his ability "to walk, hold, or maintain bladder control" and having ongoing "numbness" and spinal damage due to complications from his high blood pressure. *Id*. At some point, it appears his condition deteriorated until he had to be discharged to Memorial Health Hospital for emergency treatment after Tutt suffered from a stroke. *Id*. At a later date, Tutt was in a vehicle collision caused by CSP staff's reckless driving, en route to a medical appointment in Atlanta. *Id*. at 7 (noting that because he was in irons, he couldn't "brace for the impact"). He "los[t] vision" during the accident and experienced neck pain, headaches, and ongoing lower back pain following the accident. *Id*. Tutt seeks a little over a million dollars in damages.

As a threshold matter, Tutt names CSP in his Complaint. Correctional facilities are not considered legal entities subject to suit under 42 U.S.C. § 1983, *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1343 (11th Cir. 2003); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992), which means that he cannot pursue a claim against CSP. And while Tutt names Memorial Health, a private entity contracted with the county to provide medical services and thus subject to § 1983 suit (*see, e.g., Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997)), Tutt sets forth no facts

ascribing to Memorial Health any act or omission that *harmed* him. But simply naming someone in a complaint does not state a plausible claim against them. Indeed, Tutt indicates that Memorial Health provided the care he needed upon admission and twice discharged him "with a clear bill of health." Doc. 1 at 9 (alleging that discharging him after treatment amounted to "malpractice"). Tutt must set facts alleging that individual defendants are somehow responsible for the harms he has suffered. The Court cannot ferret out allegedly responsible parties on its own.

Tutt is further advised that it is well-established that "the Constitution does not require elaborate prisoner classification at the jail level." *Jones v. Diamond*, 594 F.2d 997, 1016 (5th Cir. 1979), *on reh'g*, 636 F.2d 1364 (5th Cir. 1981). To advance a claim for denial of proper medical care, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (the Constitution imposes a duty upon prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care."). "[N]ot every claim by a prisoner that he has not received adequate medical treatment," however, "states a violation of the Eighth

Amendment." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (quotes and cite omitted). A prisoner must show that: (1) he had a serious medical need; (2) defendants were deliberately indifference to that need; and (3) some injury was caused by defendants' indifference. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007).

To that point, Tutt is also advised that minor injuries, like the bumps and bruises one might expect from tumbling out of a bus seat, are not the sort of medical need that would be "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009) (quotes and cite omitted). They are simply not the kind of serious injuries that trigger prison officials' Eighth Amendment obligations. *See, e.g., Young v. United States*, 2015 WL 3605052 at * 6 (M.D. Fla. June 8, 2015) ("Generally, other courts addressing bruises and lacerations have concluded that they do not constitute an objectively serious medical need," and collecting cases). And this Court's jurisdiction over any state malpractice claims depend upon the viability of some constitutional claim. *Williams v. Morales*, 2018 WL 2087247 at *3 (S.D. Ga. May 4, 2018) (*citing, inter alia, Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) and 28 U.S.C. §§ 13331 & 1367).

That said, Tutt must amend his Complaint and must identify appropriate defendants, subject to suit, and explain *how* they are responsible for his injuries. Tutt must include a coherent "short and plain statement of the claim showing" that he is entitled to the relief sought. Fed. R. Civ. P. 8(a)(2). That means he must present the Court with the factual allegations that support his constitutional claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaints must contain factual allegations "sufficient to raise a right to relief above the speculative level"). Mere conclusions that defendant violated the law are not enough. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). His Amended Complaint must be complete and stand on its own (no incorporation of a prior version is permitted) since it will supersede the original.[1] Failure to comply **within 30 days** from the date this Order is served will result in a

---

[1] *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading").

5

recommendation that this case be dismissed.

**SO ORDERED**, this  15th   day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA